UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-01224 |
| | § | |
| TIFFANY MICHELLE MCLAUGHLIN, | § | |
| individually, and d/b/a VIP LOUNGE, | § | |
| d/b/a VIP SPORTS LOUNGE, d/b/a VIP | § | |
| SPORTS BAR & LOUNGE, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff J&J Sports Production's motion for summary judgment. Dkt. 16. The case was referred to this magistrate for management by District Judge Lynn Hughes. Dkt. 5. Defendant Tiffany Michelle McLaughlin, doing business as VIP Sports Bar, has not filed a response and, therefore, J&J's motion will be deemed unopposed. *See* L.R. 7.4. After considering the motion, record, and law, the Court recommends that J&J's motion be granted.

### Background

On May 2, 2013, J&J bought the sublicensing rights to provide commercial establishments with the close-circuit telecast of the Floyd Mayweather, Jr. v. Robert Guerrero WBC Welterweight Championship Fight Program, including undercard and preliminary bouts. Dkt. 16-1 at 13. J&J alleges that, on May 4, 2013, VIP Sports Bar exhibited the broadcast of the fight in its commercial establishment without paying J&J the required licensing fee. McLaughlin owned and managed the bar on the date it exhibited the fight.

J&J filed suit against defendants May 3, 2016. Dkt. 2. On December 28, 2016 and January 3, 2017, J&J served defendants with requests for admissions, to which Defendants did not respond. Dkt. #. Now J&J requests the Court grant summary judgment in its favor on its claim under § 605 of the Federal Communications Act ("FCA"). 47 U.S.C. § 605. As a result of the alleged violations, J&J seeks statutory damages, additional damages, an injunction, and attorney's fees pursuant to § 605.

<u>Analysis</u>

**A. Legal Standard**

Summary judgment is proper if the movant establishes that there is no genuine issue about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c). Disputes are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment "must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal citation omitted).

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show that specific facts exist over which there is a genuine issue for trial. *Id.* In reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000). A motion for summary judgment may be based on admissions that are deemed admitted as a

matter of law due to the failure of a party to respond or object to the requests. *See Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 549 (5th Cir. 1985).

**B. Liability Under Section 605**

To establish liability under § 605, a strict liability statute, J&J must prove (1) that the fight was exhibited in the bar and (2) J&J did not authorize the exhibition of the fight. Further, § 605 applies to unauthorized interceptions of signals through radio or satellite, but not cable communications. *See J&J Sports Prod., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351 (5th Cir. 2014).

Defendants have not served J&J with any responses to J&J's requests for admissions. Thus, the admissions are deemed admitted as a matter of law. FED. R. CIV. P. 36(a)(2). It is undisputed that VIP Bar intercepted the satellite signals without authorization and exhibited the fight in its commercial establishment on May 4, 2013. In addition to VIP Bar's admission, J&J provided the affidavits of two investigators who viewed the fight in the bar. Dkt. 16-1 at 20-33. According to these affidavits, the unpaid licensing fee for his fight was $2200, and approximately 33 customers viewed the fight in the bar. Dkt. 16-1 at 67.

To hold McLaughlin individually liable under § 605, J&J must show that McLaughlin (1) had a right and ability to supervise the exhibition, and (2) had a direct financial interest in the exploitation. Here, it is undisputed that McLaughlin had the right and ability to supervise this exhibition and that she had a direct financial interest. Dkt. 16-1 at 71. Because McLaughlin failed to respond to J&J's motion for summary judgment

and no genuine issue of material fact has been shown, J&J's motion for summary judgment as to its claims under § 605 should be granted.

**C. Damages for Violation of § 605**

In its motion, J&J asks the Court to award $10,000 in statutory damages; $50,000 in additional damages for willful conduct; attorney's fees in the amount of $20,000; conditional attorney's fees; pre and post judgement interest; and a permanent injunction prohibiting the defendants from intercepting or exhibiting an unauthorized program in violation of the FCA.

Here, Defendants admitted to exhibiting the fight willfully and for financial gain. Dkt. 16-1 at 71. A $10 cover charge was imposed, and the event was shown on eight televisions to approximately 33 patrons. Dkt. 16-1 at 20. The commercial sublicense fee for an establishment seating 50 patrons was $2,200 for this event.

Based on the evidence of record, the Court recommends that summary judgment be granted in favor of J&J in the amount of $5,500 for statutory damages under 47 U.S.C. § 605(e)(3)(C)(i) and (ii); $2,000 for attorney's fees; post-judgment interest at the effective rate on date of entry of judgment; and costs.

## Conclusion

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to file timely objections precludes appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on August 1, 2017.

_____
Stephen Wm Smith
United States Magistrate Judge